# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　)
　　v.　　　　　　　　　　　　　 )　　　Case No.05-C-0486
　　　　　　　　　　　　　　　　)
WILL J. SHERARD and　　　　　　 )
W.J. SHERARD REALTY　　　　　　 )
 COMPANY,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　)

## ORDER FOR CIVIL CONTEMPT

This matter comes before the Court upon the motion of the United States to hold defendants Will J. Sherard and W.J. Sherard Realty (collectively "Sherard") in civil contempt of the Court's May 2007 Order. Based upon the pleadings and submissions filed herein, the Court hereby finds that the defendants have failed to comply with the terms of the August 5, 2005 Consent Decree and the Court's May 2007 Order to Enforce the Consent Decree. Therefore, the Court hereby **ORDERS** as follows:

　　1.　　The Court's May 2007 Order required each subject property to undergo a lead-based paint hazard risk assessment and submit that risk assessment to the U.S. Department of Housing and Urban ("HUD") Development by March, 2008. A list of the subject properties is attached as Attachment A and is incorporated herein. As of June 30, 2008, the risk assessor has not submitted risk assessment reports to HUD on the following properties because he has not received payment from Sherard for the inspections:

| | |
|---|---|
| 2643-45 North 4th Street | 3017-17A North 28th Street |
| 3328 North 26th Street | 3366 North 28th Street |
| 3434 North 12th Street | 2231 West Capitol |
| 2935-35A North 16th Street | 2106 West Chambers |
| 3445 North 16th Street | 4063-65 North Elmhurst |
| 3956-56A North 15th Street | 2757 North 16th Street |
| 2625-25A North 17th Street | 1944 North 37th Street |
| 3522-22A North 19th Street | 3433-33A North Richards |
| 3003 North 21st Street | 1914-16 West Vienna |
| 3391-91A North 20th Street | 2468-70 West Burleigh |
| 2720-22 North 21st Street | 2400-00A West Finn Place |
| 3833-33A North 23rd Street | 3314 West McKinley |
| 3291-91A North 24th Street | |

Therefore, commencing on July 1, 2008, for each subject property on which a risk assessment has not been provided to HUD because the risk assessor has not received payment, the Court hereby orders that Sherard pay a $500 penalty per day until Sherard has complied with the Court's Order.

2. Paragraph 20 of the Consent Decree provides that the United States may disapprove an abatement contractor proposed by the defendant. Paragraph 8(c) of the Court's May 2007 Order required Sherard make the following reports by November 2, 2007:

    1. The name(s) of the person(s) or company(ies) that will perform the window replacement and hazard abatement work and a copy of their valid state certification;

2. The agreements or letters of understanding between Sherard and the contractor(s) to perform the window replacement and hazard abatement work; and

3. A time line which specifies which properties will be subject to hazard abatement and window replacement in each of the years until the work has been completed.

Therefore, commencing on July 1, 2008, for each subject property on which the above reports have not been provided to HUD for approval under Paragraph 20 of the Consent Decree, the Court hereby orders that Sherard pay a $500 penalty per day until Sherard complies with the Court's Order.

3. Paragraph 5 of the May 2007 Order required Sherard to complete the window replacement work by July 2008 and the hazard abatement work by July 2010. Because it is more economical to complete the hazard abatement and window replacement work at the same time, Sherard shall perform the hazard abatement and window replacement work on each property at the same time and shall have all hazard abatement and window replacement work completed by July 2009. Further, Sherard shall complete the hazard abatement and window replacement work first on the properties in which children currently reside and in accordance with the schedule set forth in Attachment B to this Order. For each subject property on which the window replacement or hazard abatement has not been completed in accordance with the schedule set forth on Attachment B, the Court hereby orders that Sherard shall pay a $500 penalty per day until the work has been completed.

4. The schedule for the hazard abatement and window replacement work that is attached as Attachment B to this Order includes work during months where certain abatement work may be impossible to complete due to the weather. As a result, for any property that is scheduled to be abated and to have the windows replaced during a month in which the weather prohibits doing work, Sherard will obtain a proposal for the work from the designated abatement and window replacement contractor. Once the proposal for the work has been approved by the United States, Sherard shall place the amount of money estimated for the work in an escrow account. The abatement and window replacement contractor shall perform the designated work on any property for which funds have been escrowed due to weather conditions as soon as weather permits.

5. If the United States contends that Sherard has violated the terms of this Order, it will petition the Court for the imposition of penalties and a judgment against Sherard in the amount of those penalties.

6. A lis pendens, which includes a copy of this Order, will be filed by the United States against all properties listed on Attachment A as one means to enforce collection of any penalties imposed pursuant to this Order.

**IT IS SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

4